NATHANIEL BRYANT, jr., pet., *vs.* KNOX & LINCOLN R. R. Co.
MARGARET WATERS, petitioner, *vs.* SAME.

*Exceptions.    Motion to set aside verdict for damages caused by location, must be in writing.*

Exceptions will not be sustained unless the case shows affirmatively that the excepting party has been aggrieved by the ruling complained of.

In cases where a hearing is had on a petition for an increase of damages for the location of a railroad or highway before a jury, in order to present the questions of law involved, the statute (R. S., c. 18, § 13) requires a written motion setting out the objections to the verdict, whether of law or fact, and exceptions filed to the ruling of the court in adjudicating thereon. If these requirements be not complied with the court will decline to consider any objections to the verdict, or exceptions improvidently allowed to the rulings relative thereto.

ON EXCEPTIONS.

Each of these petitions were for an increase of the sums allowed to the respective petitioners, by the county commissioners, as damages for their lands taken for the location of the Knox & Lincoln Railroad, upon which a hearing was had before a jury, agreeably to R. S., c. 18. The person appointed to preside at this hearing reported his rulings in matters of law, as follows: "In this case it appeared by the evidence, and by the admissions of the parties, that the railroad had been located and built partly along and over the highway, and partly on lands of the petitioners adjacent to said highway, the wall which formerly stood upon the line of the highway having been removed or covered by the embankment of the railroad; and that the said highway had been altered by the county commissioners, upon petition of the railroad company, so as to run parallel with, and outside of, the location of the railroad; and that the damages for the land taken for this alteration of the highway had been assessed upon the railroad company.

The petitioners claimed, and requested me to instruct the jury, that they should award damages for that portion of the land taken by the railroad which was within the original limits of the highway, as well as for that portion which was outside of said limits and within their enclosures.

I declined to give such instruction to the jury, but did instruct them that the railroad having been located and built partly upon the enclosed lands of the petitioners and partly on the highway, and the highway having been altered for that reason, on the petition of the railroad company, and damages having been assessed upon the railroad company for the land taken by the new location of the highway, the petitioners were not entitled to damages for that portion of the land taken which was within the original limits of the highway, but only for so much as was outside that limit.

I further instructed the jury, " that they could only embrace in their estimate injuries caused by the acts of the company which are authorized by their charter."

" That they were not to go into conjectural and speculative es-

timations of consequential damages, but confine themselves to estimating the value of the land taken to the owner."

" That they were to assess all the damages, present and prospective, to which the petitioner would ever be entitled, by the prudent construction and operation of the road ; " and that

" They should take into consideration all such incidental loss, inconvenience, and damage as might reasonably be expected to result from the construction and use of the road in a legal and proper manner," but that they were not to assess speculative and prospective damages for the value which the land might hereafter acquire for uses to which it was not now and had never been applied.

Which rulings and instructions, and refusal to instruct, are reported at the request of the petitioner."

The exceptions originally stated that " the court sustained (*pro forma*) the rulings of the person presiding, and directed an entry to be made confirming the verdict ;" but the presiding justice certified that they should be so changed as to read :

"No written motion to set aside the verdict was presented to the court, and the presiding judge directed an entry to be made that the verdict be confirmed."

By which ruling and direction the petitioners considered themselves aggrieved and excepted thereto.

*Wales Hubbard*, for petitioners.

*A. P. Gould*, for defendants.

DANFORTH, J.   In each of these cases precisely the same questions are involved.   The person appointed to preside at the hearing before the jury instructed them that the petitioners could not recover damages for that portion of the land taken within the limits of the highway.   It may admit of a question under the circumstances of these cases whether this ruling is not correct, even if the petitioners were the owners of the land so taken.   If not the owners the ruling was right.   We may, perhaps, infer that the title was in them, but the cases do not show it, and exceptions will

not be sustained unless the case shows affirmatively that the excepting party has been aggrieved by the ruling complained of.

The other rulings of the presiding officer are clearly in accordance with the law.

But a question of considerable importance as a matter of practice has been raised, which it may be well to have settled. No written motion to set aside the verdict was filed in the court to which it was returned, and if such were necessary the cases are improperly here.

This is a statute process and the provisions of the statute must be strictly followed. These provisions are found in R. S., c. 18, §§ 12, 13; and it is material now to consider only those found in § 13, relating to the return of the verdict and the manner in which objections may be made to it. After the verdict has been duly made up and sealed it is to be handed to the officer in charge, who is to return it to the next term of the court "to be held in the same county." The statute then provides that, " said court shall receive said verdict and the certificate and report of the person presiding. Either party interested therein may file a written motion to set aside said verdict, for the same cause that a verdict rendered in court may be set aside. The court shall hear any competent evidence relating to the same, adjudicate thereon, and confirm the verdict, or set it aside for good cause, reserving the right to except as in other cases." These are all the provisions requiring any return on the part of the court in relation to the verdict. They are simple and plain. In the first-place, the court shall receive the verdict. If neither party have any objection to it, no further action is required; the verdict then becomes a matter of record and is the foundation of the judgment on the petition, precisely as a verdict received from a jury in court goes to judgment necessarily, when no objection is made to it; but either party may make any objections to a verdict thus returned which he might make to one rendered in court.

There is, however, no way provided in which these objections can be made except in writing, and no way in which they can be

carried to the law court, otherwise than by exceptions to the rulings of the presiding justice in his adjudication upon this written motion. There is no provision for any exceptions to the rulings of the person presiding. But if such rulings are objected to, such objections may be stated in the written motion, and the certificate of such rulings, required to be returned with the verdict, becomes the competent evidence upon which the court is to adjudicate.

The result is that the only way in which questions of law involved in cases of this kind can be presented to the full court, is by a written motion to set the verdict aside, in which the objections to it, whether of law or fact, must be set out, filed in the court to which the verdict is returned, and by exceptions to the ruling of the court upon that motion.      *Exceptions dismissed.*

APPLETON, C. J.; CUTTING, DICKERSON, VIRGIN, and PETERS, JJ., concurred.